UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EASTERN SAVINGS BANK, FSB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:13cv1173 (WWE) |
| | : | |
| CHRISTOPHER F. BERRY; DEBORAH YEDOWITZ; UNITED STATES OF AMERICA; and PUTNAM HILL APARTMENTS, INC., | : | |
| | : | |
| Defendants. | : | OCTOBER 19, 2015 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant Christopher F. Berry, through undersigned counsel, submits this memorandum of law in support of his motion to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3). This action should be dismissed because there is no federal question jurisdiction on the face of the complaint in that the foreclosure of uncontested federal tax liens does not raise a "substantial" federal issue. See Doc. #55 at ¶¶ 3-5 (alleging federal question as the sole basis for subject matter jurisdiction).[1]

In its latest flurry of filings submitted in a desperate effort to save its jurisdictionally-flawed action from dismissal, plaintiff ― after admitting *not once but twice* that its "original Complaint was not well-pled" (Doc. #48 at 8, 9) ― changes tack entirely and alleges that because federal tax liens are being foreclosed a federal question is raised. Not so, especially when the taxpayer contests neither the validity of the liens nor the procedure by which they were issued and recorded.[2]

---

[1] This time, plaintiff correctly names the United States as the proper party defendant.

[2] Plaintiff also moves this Court to award it *additional* attorneys' fees and costs (Doc. #56 at 2) for having filed its "not well-pled" original complaint that was improperly based on diversity jurisdiction. Defendant submits this memorandum of law in opposition to that motion as well, although the lack of subject matter jurisdiction renders that motion moot in any event.

1

"The gates of federal question jurisdiction are customarily patrolled by a steely-eyed sentry – the 'well-pleaded complaint rule' – which, in general, prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint." BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 831 (1st Cir. 1997). "At first blush, this rule appears to augur well for the plaintiffs . . . Appearances, however, often are deceiving." Id. The amended complaint's feeble attempt to invoke federal question jurisdiction must be "repelled" by the federal question sentry because the foreclosure of uncontested federal tax liens does not raise a "substantial" federal issue.

"The district courts of the United States, as we have said many times, are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (internal citation and quotation marks omitted). "It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and if it does not, dismissal is mandatory." Manway Constr. Co. v. Housing Auth. of Hartford, 711 F.2d 501, 503 (2d Cir. 1983). "Where jurisdiction is lacking, . . . dismissal is mandatory." Lovejoy v. Watson, 475 Fed. Appx. 792, 792 (2d Cir. 2012) (internal citation and quotation marks omitted). See also Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action.") (emphasis added). Although judgment (after default) was entered in plaintiff's favor on February 19, 2014 (Doc. #26), and was re-entered on November 24, 2014 (Doc. #35), "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000).

Plaintiff relies primarily on 28 U.S.C. § 2410 to create subject matter jurisdiction. (Doc. # 55 at ¶¶ 3-5.) Although "the United States may be named a party in any civil action or suit in any district court . . . (2) to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien," 28 U.S.C. § 2410(a)(2), "the great weight of federal authority holds that § 2410(a)(2) merely waives the U.S. Government's sovereign immunity in mortgage foreclosure actions; it does not provide a basis for federal jurisdiction." Eastern Savings Bank v. Walker, 775 F. Supp. 2d 565, 573 (E.D.N.Y. 2011) (collecting cases). "Thus, to maintain an action under this statute, the district court must have jurisdiction on some independent ground." Law Offices of Damien Bosco v. Hu-Del Wines & Liquor Co., No. 06-cv-4880, 2008 U.S. Dist. LEXIS 13554, at *7 (E.D.N.Y. Feb. 22, 2008). "Section 2410 gives a private lienholder the right to name the United States as a party in an action to foreclose a mortgage on which the United States claims any kind of lien. . . . [T]here is no indication that section 2410 provides a basis for jurisdiction. It merely permits the United States to be named as a party–in state court or in federal court." Ocwen Loan Servicing, LLC v. AIG Fed. Savings Bank (In re Laddusire), 494 B.R. 383, 390 (Bankr. W.D. Wis. 2013). Thus, in order to invoke this Court's subject matter jurisdiction, plaintiff must rely on some other federal statute than 28 U.S.C. § 2410.

Because the defendant neither contests the validity of the federal tax liens nor the procedure by which they were issued and recorded, none of the other statutes relied upon by plaintiff apply. Plaintiff mentions 26 U.S.C. §§ 6321 through 6327 (Doc. #55 at ¶ 3), but those statutes relate only to the creation, filing, priority, internal administrative appeal, release and discharge of federal tax liens. None of these issues is implicated here because the defendant neither contests the validity of the liens nor the procedure by which they were issued and recorded. Furthermore, the United States has admitted that its liens are subordinate to plaintiff's mortgage. See Doc. #20 at ¶¶ 10(A), 10(B). So not even the priority of the liens is at issue.

Nor does this action arise under federal revenue laws so that plaintiff can rely on 28 U.S.C. § 1340. (Doc. #55 at ¶ 4.) In order to determine the viability of this action and render judgment on the amended complaint, this Court will not have to resort to or apply *any* federal laws. There is no issue in this case regarding the amount, validity, priority, enforcement or collection of the federal tax liens. Nor is there any issue regarding the priority of the federal tax liens as opposed to plaintiff's mortgage because the mortgage was recorded in 2006 (Doc. #55 at ¶ 9) and the liens were not recorded until 2008 and 2009. (Doc. #55 at ¶¶ 13A, 13B.) See United States v. Ripa, 323 F.3d 73, 75 (2d Cir. 2003) ("The basic principle governing cases assessing the priority of federal tax liens is 'first in time, first in right.'"). This explains why the United States has correctly admitted that its tax liens are subordinate to plaintiff's mortgage. Not even the nature or operation of the liens is at issue. Cf. United States v. Brosnan, 363 U.S. 237, 241 (1960) ("We nevertheless believe it desirable to adopt as federal law state law governing divestiture of federal tax liens.").

Plaintiff has not cited, and defendant cannot find, a single case in which federal question jurisdiction in a mortgage foreclosure action was predicated solely on the basis that an *uncontested* federal tax lien was being foreclosed by a mortgagee holding a mortgage that is senior to the tax lien. In fact, 28 U.S.C. § 2410(c) ― on which plaintiff places so much reliance (Doc. #55 at ¶¶ 3-5) ― states just the opposite. "A judgment or decree in such action or suit shall have the same effect respecting the discharge of the property from the mortgage or other lien held by the United States as may be provided with respect to such matters by the local law of the place where the court is situated." 28 U.S.C. § 2410(c). Congress, by statute, has mandated that state law govern the discharge and treatment of federal tax liens in mortgage and lien foreclosure actions. As a result, there is no "substantial" federal issue to be decided by this Court.[3]

---

[3] Plaintiff even resorts to Connecticut law regarding the unemployment and underemployment notices that must be provided to residential mortgage foreclosure defendants. See Doc. #55 at ¶15; Conn. Gen. Stat. § 49-31e.

In order for federal question jurisdiction to exist, the case must arise under federal law. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 807-08 (1986). The "well-pleaded complaint" rule instructs that a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. Id. at 808. A federal question is presented on the face of the complaint when the suit relies on a federal cause of action or where "the vindication of a right under state law necessarily turned on some construction of federal law." Id. The Supreme Court fashioned an additional test for deciding whether federal courts should exercise federal question jurisdiction: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Even more recently, the Supreme Court held that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). Plaintiff's amended complaint satisfies none of these tests.

"Here, federal law undisputedly does not create plaintiff's causes of action." Anghel v. Ruskin Moscou Faltishek, P.C., 598 Fed. Appx. 805, 806 (2d Cir. 2015). So the only option left for plaintiff is that the vindication of a right under state law necessarily turns on some construction of federal law. Plaintiff's right to foreclose the subject note and mortgage does not implicate federal law at all and does not turn on some construction of federal law because the tax liens are uncontested as to validity, amount and priority. Nor does the amended complaint raise any federal issue because whether or not plaintiff is entitled to foreclose on the note and mortgage is governed solely by Connecticut law, and does not turn on any construction of federal law. See U.S. Bank,

5

N.A. v. Schaeffer, 160 Conn. App. 138, 146 (2015) ("The ability to enforce a note in Connecticut is governed by the adopted provisions of the Uniform Commercial Code.").

The amended complaint does not raise a federal issue. Not only is there no federal issue in dispute but the federal issue is nonexistent (let alone "substantial"). Mortgage foreclosure proceedings are inherently creatures of state law, governed by state law, and litigated almost exclusively in state courts. "Neither the federal government nor the federal system as a whole has a pressing interest in ensuring that a federal forum is available to [mortgage foreclosure plaintiffs]," Fracasse v. People's United Bank, 747 F.3d 141, 145 (2d Cir. 2014), particularly when Congress has determined that the foreclosure of federal tax liens when the United States is a party to the action is to be determined according to state law. See 28 U.S.C. § 2410(c). "But even if a complaint duly cites the Constitution or other federal law, it is well established that a federal court may still lack jurisdiction if the federal law claim is 'wholly insubstantial' or 'obviously frivolous.'" Muldrow v. Carabetta Bros., No. 3:14-cv-01686 (JAM), 2015 U.S. Dist. LEXIS 73444, at *3 (D. Conn. Jun. 5, 2015) (internal citations omitted). This is clearly such a case.[4]

For the more than two years that this case has been pending in this Court, plaintiff mistakenly based jurisdiction on diversity. Now, after having been successfully challenged on that score by the defendant, plaintiff desperately attempts to create a federal question where none exists. See S. Aptheker & R. Penzer, *Foreclosure Actions: Is Federal Court a Viable Option?*, 245 New

---

[4] Increasing numbers of mortgage foreclosure actions are being brought in federal court in this district as banks engage in forum shopping and seek to avoid Connecticut's mandatory residential foreclosure mediation program and stay of litigation during the mediation process (which can last upwards of eight months). See generally Conn. Gen. Stat. §§ 49-31k et seq. A cursory review of PACER indicates that since 2011 Eastern Savings Bank has filed upwards of 20 mortgage foreclosure actions in this district (including this case). This same cursory review shows that *all* of the complaints filed by Eastern Savings Bank were allegedly based on diversity jurisdiction, even though in many cases the complaints named the State of Connecticut and/or the United States as defendants (which, as we have seen, destroys diversity). This Court should not compound this jurisdictional problem created by Eastern Savings Bank by allowing it to engage in further jurisdictional games while dissipating the scarce judicial resources of this district.

York L. J. (no. 1) (Jan. 3, 2011) ("As foreclosure actions usually involve solely state law questions, the only possible basis for federal jurisdiction is usually diversity of citizenship.").

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006). Plaintiff cannot meet this burden. The mere fact that plaintiff seeks to foreclose uncontested federal tax liens whose validity, amount and priority are not in dispute does not somehow magically transform this simple, straightforward, run-of-the-mill residential mortgage foreclosure case governed by state law into a "substantial" federal issue that can only be decided by a federal court.

WHEREFORE, because the foreclosure of the note, mortgage and federal tax liens does not implicate or raise any federal issue (much less a "substantial" one), defendant Christopher F. Berry respectfully requests that the judgment entered on February 19, 2014 (Doc. #26), and re-entered on November 24, 2014 (Doc. #35), be vacated and this action be dismissed forthwith for lack of subject matter jurisdiction.

    Respectfully submitted,

    CHRISTOPHER F. BERRY
    By his attorneys,


    /s/ *Jack E. Robinson*
    Jack E. Robinson (ct16022)
    LEYDEN & MAIN LEGAL GROUP, P.C.
    243 Tresser Boulevard, 17th Floor
    Stamford, CT 06901
    (203) 355-3643
    (866) 941-4617 (fax)
    robinsonesq@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2015, a copy of foregoing Defendant's Memorandum of Law in Support of Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ *Jack E. Robinson*
Jack E. Robinson