UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EASTERN SAVINGS BANK, FSB, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     No. 3:13cv1173 (WWE) |
| | : |
| CHRISTOPHER F. BERRY; DEBORAH YEDOWITZ; UNITED STATES OF AMERICA; and PUTNAM HILL APARTMENTS, INC., | : |
| | : |
| Defendants. | :     NOVEMBER 9, 2015 |

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant Christopher F. Berry, through undersigned counsel, submits this reply memorandum of law in support of his motion to dismiss the amended complaint for lack of subject matter jurisdiction. Plaintiff has not identified *any* federal issue in this case, as the foreclosure of the subject mortgage will necessarily be governed by state law. Plaintiff's only suggested basis for jurisdiction is the foreclosure of a junior and uncontested federal tax lien pursuant to 28 U.S.C. § 2410. This statute, however, does *not* create federal subject matter jurisdiction in mortgage foreclosure actions ― especially where, as here, the validity and priority of the government's liens are not in dispute.

Section 2410 merely waives the government's sovereign immunity by providing a procedural mechanism by which the United States may be named as a party to a federal or state court mortgage foreclosure action in order to clear real estate titles by removing valueless government liens. In order to name the United States as a defendant in a mortgage foreclosure action filed originally in federal court, there must be a separate and independent basis for subject matter jurisdiction. None exists here.

1

The cases cited by the plaintiff do not support its position.  In *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623 (5th Cir. 2002) (Pl. Br. at 10), jurisdiction was predicated on the fact that the government removed the action to federal court pursuant to 28 U.S.C. § 1444.  *Id.* at 628.  Similarly, in *Pipola v. Chicco*, 274 F.2d 909 (2d Cir. 1960) (Pl. Br. at 8-9, 13), the government also removed the case to federal court pursuant to section 1444.  *Id.* at 911.  The case of *United States v. Bedford Assocs.*, 657 F.2d 1300 (2d Cir. 1981), on which plaintiff places so much reliance (Pl. Br. at 1, 11-12), involved an action to quiet title under 28 U.S.C. § 2409a, and even there the Second Circuit held that "§ 2409a provides the necessary waiver of sovereign immunity."  *Bedford Assocs.*, 657 F.2d at 1315.  In *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) (Pl. Br. at 5, 7), section 2410 is mentioned only once in a footnote, and only with respect to quiet title actions.  *Id.* at 317, n. 4.  In *United States v. Kimbell Foods*, 440 U.S. 715 (1979) (Pl. Br. at 7), no party raised a jurisdictional challenge, so it was assumed (without deciding) that "[j]urisdiction was premised on 28 U.S.C. § 2410."  *Id.* at 720, n. 5.  Moreover, *Kimbell Foods* dealt with choice of law, not federal question jurisdiction.

Although Plaintiff contends that defendant's reading of section 2410 is the "minority view" (Pl. Br. at 14), other circuits have also adopted defendant's reading of the statute in addition to those cases previously identified in defendant's brief.  *See*, *e.g.*, *McNeill v. Franke*, 171 F.3d 561, 563 (8th Cir. 1999) ([Section 2410] does not grant jurisdiction, however, but merely waives sovereign immunity."); *Elfelt v. United States*, 47 Fed. Appx. 386, 389 n. 2 (6th Cir. 2002) ("Most authorities, however, view [section 2410] as a waiver of sovereign immunity, pure and simple, and not a positive grant of jurisdiction.") (citing authorities).

The Eighth Circuit's conclusion in *McNeill* applies with equal force here:

> In conclusion, state law controls the outcome of this garden-variety . . . judicial foreclosure action.  [Plaintiff] will win or lose on the playing field of state law.  [Its] case does not belong in the federal arena.  We thus affirm the district court's dismissal for lack of federal subject matter jurisdiction.

*McNeill*, 171 F.3d at 564.[1]

WHEREFORE, the judgment entered on February 19, 2014 (Doc. #26), and re-entered on November 24, 2014 (Doc. #35), should be vacated and this action dismissed for lack of subject matter jurisdiction.

> Respectfully submitted,
>
> CHRISTOPHER F. BERRY
> By his attorneys,
>
> /s/ *Jack E. Robinson*
> Jack E. Robinson (ct16022)
> LEYDEN & MAIN LEGAL GROUP, P.C.
> 243 Tresser Boulevard, 17th Floor
> Stamford, CT 06901
> (203) 355-3643
> (866) 941-4617 (fax)
> robinsonesq@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, a copy of foregoing Defendant's Reply Memorandum of Law in Support of Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

> /s/ *Jack E. Robinson*
> Jack E. Robinson

---

[1] The Supreme Court recounted the over 400-year history of foreclosure law in *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 541-42 (1993), without citing to a single federal law.  "[T]he States have created diverse networks of judicially and legislatively crafted rules governing the foreclosure process."  *Id.* at 541.