UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EASTERN SAVINGS BANK, FSB,   : | |
|     Plaintiff,   : | |
| : | |
| v.   : | 3:13-cv-01173-WWE |
| : | |
| CHRISTOPHER F. BERRY and   : | |
| DEBORAH YEDOWITZ,   : | |
|     Defendants.   : | |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Eastern Savings Bank seeks foreclosure of defendants Christopher Berry and Deborah Yedowitz's mortgage on 2 Putnam Hill, Apartment 3K, Greenwich, Connecticut.

Defendants have moved to dismiss plaintiff's amended complaint [Doc. # 55] for lack of subject matter jurisdiction. For the following reasons, defendant's motion will be denied.

Plaintiff relies primarily on 28 U.S.C. § 2410 for subject matter jurisdiction. Section 2410 provides:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
>
> (1) to quiet title to,
> (2) to foreclose a mortgage or other lien upon,
> (3) to partition,
> (4) to condemn, or
> (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.

"[T]he great weight of federal authority holds that § 2410(a)(2) merely waives the U.S. Government's sovereign immunity in mortgage foreclosure actions; it does not provide a basis for federal jurisdiction." Eastern Sav. Bank v. Walker, 775 F. Supp. 2d 565, 573 (E.D.N.Y 2011)

(collecting cases).  However, some circuits have found jurisdiction pursuant to section 2010(a). See <u>Estate of Johnson</u>, 836 F.2d 940, 943 (5th Cir. 1988); <u>Aqua Bar & Lounge v. United States Dept. of Treasury</u>, 539 F.2d 935, 939 (3d Cir. 1976).  The Second Circuit has explicitly held that section 2010 "confers subject matter jurisdiction upon the district court to foreclose a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien." <u>U.S. v. Bedord Associates</u>, 657 F.2d 1300, 1316 (2d Cir. 1981).  Accordingly, defendants' motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [Doc. # 57] is DENIED.

Dated this 7th day of December, 2015, at Bridgeport, Connecticut.


　　　　　　　　　　　　　　　　　　/s/Warren W. Eginton　　　　　　　　　
　　　　　　　　　　　　　　　　　WARREN W. EGINTON
　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE