UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EASTERN SAVINGS BANK, FSB, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:13-cv-01173-WWE |
| | : | |
| CHRISTOPHER F. BERRY *et al.,* | : | |
|     Defendants. | : | |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant Christopher Berry has moved for reconsideration of this Court's order [Doc. # 61] denying his motion to dismiss for lack of subject matter jurisdiction. The parties contest whether 28 U.S.C. § 2410 confers subject matter jurisdiction or merely waives sovereign immunity. For the following reasons, defendant's motion for reconsideration will be granted, but the Court will adhere to its decision to deny dismissal.

Reconsideration will be granted only if the moving party identifies controlling decisions or data that the court overlooked and that could reasonably be expected to alter the court's decision. See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Defendant argues that the amended complaint should be dismissed for lack of subject matter jurisdiction because the Court misapplied as controlling law dictum contained in United States v. Bedford Associates, 657 F.2d 1300, 1316 (2d Cir. 1981). In Bedford, the Second Circuit stated that "[28 U.S.C. § 2410] confers subject matter jurisdiction upon the district court to foreclose a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien." Id. Defendant submits that because the Second Circuit's observation in Bedford regarding § 2410 was unnecessary to the disposition of the case, it constitutes dictum that does not specifically control this case. Nevertheless, defendant acknowledges that circuits are split as to whether § 2410 confers subject matter jurisdiction. See

Macklin v. U.S., 300 F.3d 814 (7th Cir. 2002); McNeill v. Franke, 171 F.3d 561 (8th Cir. 1999); Shaw v. U.S., 331 F.2d 493 (9th Cir. 1964); Pacific Mut. Life Ins. Co. v. American Nat. Bank and Trust Co. of Chicago, 642 F. Supp. 163 (N.D. Ill. 1986); American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc., 407 F. Supp. 164 (D.V.I. 1975); Seff v. Machiz, 246 F. Supp 823 (D. Md. 1965); Guttman v. U.S., 196 F. Supp. 384 (E.D.N.Y. 1961); Jones v. U.S., 179 F. Supp. 456 (S.D. Cal. 1959); First Nat. Bank of Brownsville, Tex v. U.S., 172 F. Supp. 757 (S.D. Tex. 1959) (finding that § 2410 does not provide a jurisdictional basis for bringing a claim in federal courts); compare with Progressive Consumers Federal Credit Union v. U.S., 79 F.3d 1228 (1st Cir. 1996); Estate of Johnson, 836 F.2d 940 (5th Cir. 1988); Aqua Bar & Lounge v. United States Dept. of Treasury, 539 F.2d 935, 940 (3d Cir. 1976) (finding that § 2410 confers subject matter jurisdiction).

      28 U.S.C. § 2410 provides:

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter–

      (1) to quiet title to,
      (2) to foreclose a mortgage or other lien upon,
      (3) to partition,
      (4) to condemn, or
      (5) of interpleader or in the nature of interpleader with respect to,

real or personal property on which the United States has or claims a mortgage or other lien.

      The Supreme Court has mentioned in passing that "[f]ederal law [through § 2410] does provide a quiet title cause of action against the Federal Government." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, n. 4 (2005). Moreover, defendant submits that the Second Circuit has not expressly decided the issue.

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case. . . . Jurisdiction is not defeated by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. Rather, the district court has jurisdiction if the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another, unless the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous. Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.

Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) (internal citation and quotation omitted).

In the instant case, plaintiff seeks to foreclose a mortgage upon real property on which the United States has a lien. Accordingly, plaintiff's claim is not "wholly insubstantial and frivolous." Where (1) the Second Circuit has approved jurisdiction pursuant to § 2410 in dictum but not explicitly ruled upon the question, (2) circuit courts are split, and (3) the Supreme Court has not foreclosed jurisdiction by prior decisions, this Court will not dismiss the instant case for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration is GRANTED. The Court adheres to its decision to deny dismissal of the case based on subject matter jurisdiction.

Dated this 29th day of February, 2016, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
    WARREN W. EGINTON
    SENIOR UNITED STATES DISTRICT JUDGE