UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EASTERN SAVINGS BANK, FSB,    : | |
|     Plaintiff,    : | |
| : | |
| v.    : | 3:13-cv-01173-WWE |
| : | |
| CHRISTOPHER F. BERRY and    : | |
| DEBORAH YEDOWITZ,    : | |
|     Defendants.    : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Eastern Savings Bank seeks foreclosure of defendants Christopher Berry and Deborah Yedowitz's mortgage on 2 Putnam Hill, Apartment 3K, Greenwich, Connecticut.

Defendants have moved to dismiss plaintiff's amended complaint [Doc. # 55] for lack of subject matter jurisdiction. For the following reasons, defendant's motion will be denied.

Plaintiff relies primarily on 28 U.S.C. § 2410 for subject matter jurisdiction. Section 2410 provides:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
>
> (1) to quiet title to,
> (2) to foreclose a mortgage or other lien upon,
> (3) to partition,
> (4) to condemn, or
> (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.

"[T]he great weight of federal authority holds that § 2410(a)(2) merely waives the U.S. Government's sovereign immunity in mortgage foreclosure actions; it does not provide a basis for federal jurisdiction." Eastern Sav. Bank v. Walker, 775 F. Supp. 2d 565, 573 (E.D.N.Y 2011)

(collecting cases).  However, some circuits have found jurisdiction pursuant to section 2410(a).  See Estate of Johnson, 836 F.2d 940, 943 (5th Cir. 1988); Aqua Bar & Lounge v. United States Dept. of Treasury, 539 F.2d 935, 939 (3d Cir. 1976).  The Second Circuit has explicitly held that "[section 2410] confers subject matter jurisdiction upon the district court to foreclose a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien." U.S. v. Bedord Associates, 657 F.2d 1300, 1316 (2d Cir. 1981).  Accordingly, defendants' motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [Doc. # 57] is DENIED.

Dated this 7th day of December, 2015, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE