UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EASTERN SAVINGS BANK, FSB, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:13-cv-01173 |
| | : | |
| CHRISTOPHER F. BERRY et al., | : | |
|     Defendants. | : | |

# **MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR JUDGMENT**

On April 19, 2016, this Court entered a Judgment of Foreclosure by Sale (ECF No. 73) and set a sale date for June 18, 2016. On May 19, 2016, defendants Christopher F. Berry and Deborah Yedowitz filed an appeal to the United States Court of Appeals for the Second Circuit. The parties subsequently participated in the appellate mediation program and entered into a forbearance agreement. On September 2, 2016, this Court granted a jointly filed motion and amended the judgment. The case was then administratively closed subject to defendant's completion of the forbearance agreement.

Plaintiff Eastern Savings Bank, FSB, has moved the Court to make new findings of debt, award additional attorney's fees and costs, and set a new sale date, based upon defendants' default under the terms of the forbearance agreement. Specifically, plaintiff contends that defendants have repeatedly failed to tender timely monthly payments.

Defendants respond that they tendered two checks, a bank check for $1,000, and a personal check for $1,600, on September 22, 2017. Defendants further submit that plaintiff held the personal check for $1,600 until October 16, 2017, prior to depositing it. When defendants sent their subsequent October payment of $2,600, both it and the September check for $1,600 were returned for insufficient funds. Defendants maintain that the checks

1

would not have bounced if plaintiff had timely deposited the September check for $1,600. Defendants assert that they were unaware that the $1,600 check had not been deposited, so presumably they believed that their account balance reflected the post-deposit balance. This misconception caused both the September and October checks to bounce.

In addition, defendants contend that the payment process was further complicated by the death of their attorney and by plaintiff's demand that payment be made in the form of certified cashier's checks.

Plaintiff replies that defendants were at all times represented by counsel with appearances on the docket. Moreover, plaintiff asserts that the terms of the forbearance agreement are clear and unambiguous. The Agreement required an initial forbearance payment of $10,000 by August 1, 2016, monthly payments of $2,600 from September 1, 2016 through August 1, 2017, and a final forbearance payment of $10,000 by August 1, 2017. The two lump sum payments had no cure period. Defendants defaulted multiple times. The initial lump sum payment was not received until August 4, 2016, a few days after its due date. The February and March 2017 monthly forbearance payments were not made until well after the cure period had expired, following the return of those payments for lack of sufficient funds. Nevertheless, plaintiff accepted the late payments, and did not declare a default based upon defendants' failure to timely remit those payments.

Defendants failed to make the final lump sum payment of $10,000 on August 1, 2017. By email dated August 17, 2017, plaintiff agreed to accept the lump sum payment by August 21, 2017, on the condition that defendants timely make the September and October post-forbearance payments. By email dated August 21, 2017, defendant Christopher Berry advised plaintiff's counsel that he could not make the lump sum payment until August 25,

2017, and stated that he could timely make the September and October payments. Plaintiff agreed.

Defendants still failed to remit the lump sum payment by August 25, 2017. Instead, on August 29, 2017, plaintiff received two checks: one for $11,600 and one for $1,000, which included the lump sum payment and the August payment. Despite being in default of the deadline, as conditionally extended, plaintiff accepted the late payments with the expectation that the September and October payments would be timely made.

However, the September monthly payment was not made on time. The September payment was due on September 1, 2017, but was not received until September 25, 2017, in the form of a personal check for $1,600 and a bank check for $1,000.

On October 16, 2017, the plaintiff received and deposited the September and October payments. The October payment was a personal check for $2,600. As discussed above, the September and October personal checks were not honored. At that point, plaintiff was unwilling to accept any more payments.

Contrary to the defendants' assertion in its response, the payment received in November was returned because of defendants' chronic default, not because it did not include a "returned check fee." At the time that payment was remitted, defendants still owed $1,600 towards the September forbearance payment, $2,600 for the October forbearance payment and $2,600 for the November forbearance payment.

Finally, plaintiff submits that it required certified bank checks only after multiple personal checks were returned for insufficient funds. Based on the foregoing, plaintiff argues that there can be no serious dispute that defendants defaulted under the terms of the forbearance agreement. Plaintiff gave defendants multiple opportunities to cure their default

3

under the agreement, but defendants failed to do so.  Accordingly, plaintiff's motion is GRANTED.

Unless the parties have come to an alternative agreement, plaintiff is instructed to submit to the docket a proposed judgment of foreclosure by sale with updated dates and debt amounts.  The Court will then issue the judgment within 7 days.

Dated this 9th day of October, 2018, at Bridgeport, Connecticut.

/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE